## A. Alvarez & Hnos., Petitioner, *v.* District Court of Bayamón, Respondent.

No. 1122.   Argued January 17, 1938.—Decided January 21, 1938.

*Dubón & Ochoteco* and *D. Guerrero Noble* for petitioner.

Mr. Justice Hutchison delivered the opinion of the Court.

Section 5 and Sections 10 to 13 inclusive of An Act approved March 14, 1907, as amended in 1908 (Code Civil Procedure 1933 ed. 109) read as follows:

"Section 5.—Whenever any person shall claim movable property and shall make the oath and give the bond, as provided for in this Law, the marshal or other officer receiving such oath and bond shall indorse on the writ that such claim has been made and oath and bond given, stating by whom, and shall also indorse on such bond the value of the property as assessed by himself, and shall forthwith return such bond and oath to the court from whence the writ of execution or attachment issued, except as hereafter provided.

"Section 10.—Upon receiving such oath and bond, the secretary of the court having jurisdiction in the suit shall duly docket same.

"Section 11.—*(As amended by Act of March 12, 1908, page 83.)* As soon as the secretary of the court shall have received the oath and bond, he shall notify all the parties to the suit of such fact, who shall be required to appear after ten days' notice, and if, after such notice has been perfected, parties appear, the court shall direct an issue to be made in writing and tried as in other cases, and parties to the first suit shall always be parties in the suit to establish the rights of a third party.

"Said issue shall consist of a brief statement of the nature of the right of the claimant by which he seeks to claim as his own and to exclude from the operation of such levy the property in dispute, and of the authority and right of the defendant or defendants in such proceeding to subject the property levied on to the writ.

"Section 12.—If the plaintiff does not appear after being duly notified, a nonsuit shall be entered against him, and if the defendant fails to appear judgment shall be entered by default.

"Section 13.—The procedure and practice in the trial shall conform as nearly as practicable to the rules of civil procedure in force in Porto Rico.' '

In the instant case after notice given as required by Section 11, the claimant of attached property appeared and requested that an issue should be made in writing as provided by Section 11. The defendants—plaintiff and defendants in the main action—did not appear and, at the request of claimant, the secretary noted their default. Claimant asked that the case be set for a hearing of claimant's evidence as a preliminary step to judgment by default, and later moved to have the case included in a special docket to be called on a certain date. This motion was denied. The secretary, at the request of claimant, then placed the case on another special docket. At the hearing, the claimant appeared and presented its evidence.

The district judge set aside the entry of default and the hearing on the ground that there had been no default because no issue had been formed as required by Section 11, and there was nothing before the court. He ordered that claimant to formulate his claim in writing as provided by Section 11.

Section 11 provides that (Italics ours) "*If*, after such notice has been perfected, *parties appear, the court shall direct an issue to be made in writing and tried as in other cases.*" The language of Section 12 is perfectly plain. There is no room for construction. "*If the defendant fails to appear judgment shall be entered by default.*" It is a case of *lex scripta*. If the defendants do not appear, the sworn statement and bond of the claimant together with the endorse-

ment of the marshal thereon, which, when docketed by the secretary, become an adequate basis for the procedure prescribed by Section 11, are by the same token a sufficient basis for the entry of a judgment by default as provided by Section 12. As suggested by Section 13, claimants should follow the practice indicated by the Code of Civil Procedure in the matter of judgment by default. Claimant herein did this.

The order appealed from must be reversed and the case will be remanded for further proceedings not inconsistent herewith.

Mr. Justice Córdova Dávila took no part in the decision of this case.